UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID YARGEE, | ) |
|         Petitioner, | ) |
| v. | )   Case No. 23-CV-0501-CVE-JFJ |
| DAVID ROGERS, Warden, | ) |
|         Respondent. | ) |

**OPINION AND ORDER**

Petitioner David Yargee, a self-represented Oklahoma prisoner,[1] petitions for a writ of habeas corpus, under 28 U.S.C. § 2254, claiming that he is unlawfully detained under the judgment entered against him in the Tulsa County District Court Case No. CF-1996-5170. Dkt. # 1, at 1.[2] Respondent moves to dismiss the petition, asserting that Yargee did not file the petition within 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Respondent asserts, in the alternative, that the petition should be dismissed because Yargee did not exhaust available state remedies, as required by 28 U.S.C. § 2254(b)(1)(A). Yargee did not respond to the motion to dismiss and the time to do so has expired. Having considered the petition (Dkt. # 1), the motion to dismiss (Dkt. # 9) and brief in support (Dkt. # 10), the record of state court proceedings, and applicable law, the

---

[1] Because Yargee appears without counsel, the Court liberally construes the petition, but the Court does so without assuming the role of his advocate. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] The Court's citations refer to the CM/ECF header pagination.

Court finds that the petition is untimely, concludes that the motion to dismiss shall be granted, and dismisses the petition as barred by the statute of limitations.[3]

I.

In 1997, a Tulsa County jury found Yargee guilty of seven counts of child sexual abuse, one count of injury to a minor child, and one count of procuring a minor to participate in obscene material. Dkt. # 10-1; Dkt. # 10-2, at 9. The trial court sentenced Yargee to life imprisonment as to each count and ordered the sentences to be served consecutively. Dkt. # 10-1; Dkt. # 10-2, at 12. Represented by counsel, Yargee filed a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"), asserting five claims. Dkt. # 10-3. The OCCA affirmed Yargee's judgment on October 21, 1998. Dkt. # 1, at 2; Dkt. # 10-5. Yargee did not file a petition for writ of certiorari in the United States Supreme Court. Dkt. # 1, at 3.

In September 2020, Yargee filed a pro se application for postconviction relief in state district court, alleging that the State of Oklahoma ("the state") lacked jurisdiction to prosecute him, in light of McGirt v. Oklahoma, 591 U.S. ___, 140 S. Ct. 2452 (2020), because he is Indian and he should have been prosecuted in federal court under the Major Crimes Act, 18 U.S.C. § 1153, for crimes he committed in Indian country.[4] Dkt. # 10-7. One month later, Yargee filed a counseled application for postconviction relief reasserting the McGirt claim. Dkt. # 10-8. The state district court held a postconviction hearing on March 24, 2021, and orally granted post-

---

[3] Because the Court concludes that the statute of limitations bars relief, the Court does not address respondent's alternative request to dismiss the petition for failure to exhaust available state remedies.

[4] In McGirt, the Supreme Court held that Congress did not disestablish the Muscogee (Creek) Nation Reservation and that the state does not have jurisdiction to prosecute certain crimes committed by Indians within the boundaries of that reservation. See Graham v. White, 101 F.4th 1199, 1203 & n.1 (2024) (discussing McGirt).

2

conviction relief over the state's objections, "pending the preparation of agreed stipulations by the parties, and submission of proposed order to the court." Dkt. # 10-2, at 24 (full capitalization omitted). Five months after the state district court orally announced that it would grant Yargee's application for postconviction relief, the OCCA issued its decision in State ex rel. Matloff v. Wallace, 497 P.3d 686 (Okla. Crim. App. 2021). In Wallace, the OCCA "exercis[ed] [its] independent state law authority to interpret the remedial scope of the state post-conviction statutes" and held "that McGirt . . . shall not apply retroactively to void a conviction that was final when McGirt was decided." Wallace, 497 P.3d at 689. Just over two months later, on October 29, 2021, the state district court entered a docket entry stating, "Court's ruling granting postconviction relief is reversed per OCCA ruling in Wallace. [Petitioner's] application for postconviction relief is denied. Court signs order denying Petitioner's application for post-conviction relief." Dkt. # 10-2, at 24 (full capitalization omitted). The state district court filed its signed, written order denying Yargee's application for postconviction relief on November 5, 2021, ruling that Wallace foreclosed postconviction relief as to the McGirt claim because Yargee's conviction was final long before McGirt was decided. Dkt. # 10-9. Yargee filed a postconviction appeal, and the OCCA affirmed the denial of postconviction relief on April 11, 2022. Dkt. ## 10-10, 10-11.

Yargee filed the instant petition on November 20, 2023. Dkt. # 1, at 1. He identifies one claim: "The district court's order or vacatur re: the dismissal of my state conviction violates my due process rights under the Fourteenth Amendment." Id. at 5. In support of this claim, Yargee alleges: "The Tulsa County District Court granted my application for PCR on 3.24.2021, pursuant to McGirt v. Oklahoma, [and] dismissed my state conviction. The court then unilaterally reinstated my state conviction pursuant to the [OCCA's] opinion in Matloff v. Wallace." Id. In his request

3

for relief, Yargee asks this Court to "dismiss [his] state court convictions, as the state did not have proper jurisdiction to prosecute [him]." Id. at 15.

## II.

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for state prisoners seeking federal habeas review of a state-court judgment under 28 U.S.C. § 2254. The limitations period "run[s] from the latest of" one of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). For most prisoners, the one-year limitations period commences at the conclusion of direct review under § 2244(d)(1)(A). Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). The habeas petitioner bears some burden to show that a different subsection applies. Chavez v. Workman, No. 05-CV-0554-HDC-PJC, 2006 WL 2251718, at *3 (N.D. Okla. Aug. 4, 2006) (unpublished).[5] Regardless of which event triggers the commencement of the limitations period, that period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

---

[5] The Court cites all unpublished decisions herein as persuasive authority. FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

4

28 U.S.C. § 2244(d)(2). In certain circumstances, federal courts also may toll the limitations period for equitable reasons. Holland v. Florida, 560 U.S. 631, 645 (2010).

### III.

Respondent contends (1) that the petition is untimely under § 2244(d)(1)(A); (2) that Yargee has not shown that any other provision of § 2244(d)(1) provides a later commencing limitations period; and (3) that Yargee has not demonstrated any facts or circumstances that would support equitable tolling of the limitations period. Dkt. # 10, at 6-23.[6]

Before addressing these arguments, the Court finds it necessary to clarify its understanding of the claim or claims that Yargee attempts to present. Granting Yargee the benefit of liberal construction, the Court finds it reasonable to read the petition as (1) seeking habeas relief from what Yargee claims is his unlawful custody based on the state's alleged lack of jurisdiction to prosecute him, see Dkt. # 1, at 15; and (2) seeking habeas relief from what Yargee claims is his unlawful custody based on the state district court's alleged dismissal and reinstatement of his conviction, see Dkt. # 1, at 5. With this understanding, and for the reasons discussed below, the Court agrees with respondent that the petition must be dismissed as untimely.

### A.

First, to the extent Yargee claims that the state violated his right to due process by unlawfully exercising criminal jurisdiction over his prosecution, the petition is not timely under § 2244(d)(1)(A). Under that subsection, the one-year period begins to run on the date that the

---

[6] Respondent also argues that Yargee "is not entitled to the actual innocence gateway to permit this Court to review his untimely claims." Dkt. # 10, at 22-23; see McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (holding that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" and have his constitutional claims considered on the merits despite the "expiration of the [AEDPA] statute of limitations"). Even applying the rule of liberal construction, the Court does not read the petition as asserting, or as attempting to assert, an actual innocence claim.

5

petitioner's state-court judgment becomes final. "For petitioners who pursue direct review all the way to [the United States Supreme] Court, the judgment becomes final at the 'conclusion of direct review'—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari." Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). "For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." Id. Yargee is in state custody pursuant to the judgment that was entered against him in 1997, following his jury trial.[7] Yargee filed a direct appeal, and the OCCA affirmed that judgment on October 21, 1998. Dkt. # 1, at 2; Dkt. # 10-5. Yargee did not seek further direct review by filing a petition for writ of certiorari in the United States Supreme Court. Dkt. # 1, at 3. Thus, the judgment Yargee seeks to challenge through the instant petition became final on January 19, 1999, when the time expired to seek further direct review. Gonzalez, 565 U.S. at 150; U.S. Sup. Ct. R. 13.1 (providing 90-day period to file petition for writ of certiorari). Yargee's one-year period, under § 2244(d)(1)(A), commenced the next day, January 20, 1999, and, absent any tolling, expired on January 20, 2000. Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011). Yargee cannot benefit from statutory tolling because he did not file his first application for state postconviction relief until September 2020, more than two decades after this limitations period expired. Dkt. # 10, at 13; see also Dkt. # 10-2 (state court docket sheet); Dkt. # 10-7 (pro application for postconviction relief). See 28 U.S.C. § 2244(d)(2) (providing that the limitations period is suspended for the "time during which a

---

[7] Nothing in the state court docket sheet indicates that the state district court vacated Yargee's original judgment or dismissed his state criminal case after it orally announced that it would grant postconviction relief, that the state district court entered an amended or reinstated judgment after it issued its written order denying postconviction relief, or that the state district court ordered Yargee released from state prison at any point during state postconviction proceedings. Dkt. # 10-2, at 23-24.

6

properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in state court); Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) (explaining that an application for postconviction relief or other collateral review must be filed in state court within the applicable one-year limitations period to obtain statutory tolling).  The Court thus concludes that the petition, filed November 20, 2023, is untimely under § 2244(d)(1)(A), as to any claim challenging the state's exercise of jurisdiction over Yargee's criminal prosecution.

## B.

Second, Yargee has not shown that any other provision of § 2244(d)(1) provides him a later commencing limitations period.  In the portion of the petition that discusses § 2244(d)(1)'s statute of limitations and asks Yargee to explain why his petition is timely if it was filed more than one year after his conviction became final, Yargee states:

> Conviction was vacated per my PCR application on 3.24.21, then the district court untimely reinstated the final PCR in this case.
>
> Furthermore, my counsel who initiated my appeal to the Court of Criminal Appeals did not follow through with my case in that court.  OCCA still decided my case on April 11, 2022.  However, without counsel to advise me regarding the proceedings [and] the outcome of my appeal in state court I was unaware of the proper procedures/options that I had upon the OCCA's decision in my state appeal case through no fault of my own.  I expected my counsel to see my case through OCCA [and] advise me of my options at the conclusion of that process.

Dkt. # 1, at 14-15.

Respondent generously construes this statement, in part, as Yargee's attempt to argue that his one-year limitations period is governed by § 2244(d)(1)(D) based on the later occurring event

of the alleged dismissal and reinstatement of his conviction. Dkt. # 10, at 16-18.[8] That subsection provides that the one-year limitations period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). It is not clear to this Court that Yargee's statement seeks application of § 2244(d)(1)(D). Regardless, as respondent argues, even if Yargee could show that § 2244(d)(1)(D) governs his one-year limitations period, the petition still would be untimely. Dkt. # 10, at 18. As Yargee states, and the record shows, the OCCA affirmed the state district court's order denying postconviction relief on April 11, 2022. Dkt. # 10-11. Applying subsection (d)(1), Yargee's one-year limitations period as to any cognizable claims that could arise from the denial of his application for postconviction relief began to run on April 12, 2022, and expired one year later. Harris, 642 F.3d at 906 n.6. Yargee filed a second application for postconviction relief on September 14, 2023, but that was too late to benefit from statutory tolling for this one-year limitations period. Clark, 468 F.3d at 714. Yargee did not file the instant petition until November 20, 2023, more than seven months after the limitations period expired. On this record, the Court

---

[8] As previously noted, there is no evidence in the record that the state district court vacated or reinstated Yargee's "conviction" at any time during his state postconviction proceeding. See supra, n.6. Instead, the state district court orally granted postconviction relief, subject to entry of a written order, and reversed its ruling before it entered a written order denying postconviction relief. Dkt. # 10-2, at 23-24. Thus, Yargee has been continuously held in state custody under the original state-court judgment. To the extent Yargee's claim is that the state violated his right to due process by dismissing then reinstating his conviction, the claim fails for lack of factual support. The Court nonetheless addresses respondent's argument that the petition is also untimely under § 2254(d)(1)(D).

concludes that even if Yargee could show that § 2244(d)(1)(D) provided him a later commencing limitations period for any cognizable habeas claims, the petition is untimely under that subsection.

## C.

Third, Yargee has not shown that his limitations period should be tolled for equitable reasons. A petitioner who seeks equitable tolling bears a "strong burden" to identify specific facts establishing (1) that he diligently pursued his federal claims and (2) that extraordinary circumstances prevented him from filing a federal habeas petition before the one-year limitations period expired. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008). Liberally construing the petition, Yargee appears to assert, in part, that the instant petition should be deemed timely because his state postconviction counsel "did not follow through" with his state postconviction appeal, did not advise him of the outcome of his state postconviction appeal, and did not advise him of his options after the OCCA affirmed the denial of state postconviction relief, thus leaving him "unaware" of how to proceed. Dkt. # 1, at 14-15. But neither alleged errors by state postconviction counsel nor a self-represented prisoner's "ignorance of the law" provides an equitable reason to toll the statute of limitations. See Shinn v. Ramirez, 596 U.S. 366, 382-83 (2022) (explaining that "a prisoner bears the risk in federal habeas for all attorney errors made in the course of the representation unless counsel provides constitutionally ineffective assistance. And, because there is no constitutional right to counsel in state postconviction proceedings, a prisoner ordinarily must bear responsibility for all attorney errors during those proceedings" (alterations, internal quotation marks, and citations omitted)); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (noting that self-represented prisoners cannot rely on their ignorance of the law to excuse the untimely filing of a habeas petition). Under the circumstances of this case, the Court thus finds that equitable tolling is not warranted.

## IV.

For the reasons just discussed, 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations bars relief as to the claim or claims that Yargee asserts in the petition. The Court therefore dismisses the petition for writ of habeas corpus, with prejudice. Based on this dismissal, the Court denies as moot Yargee's motion for appointment of counsel (Dkt. # 17). And, because Yargee's noncompliance with the statute of limitations constitutes a plain procedural bar, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## V.

**IT IS THEREFORE ORDERED** that: (1) respondent's motion to dismiss (Dkt. # 9) is **granted**; (2) the petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody (Dkt. # 1) is **dismissed with prejudice** as barred by the applicable statute of limitations; (3) the motion for appointment of counsel (Dkt. # 17) is **denied as moot**; (4) a certificate of appealability is **denied**; and (5) a separate judgment of dismissal shall be entered herewith.

**DATED** this 14th day of June, 2024.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE